UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LISA J. WILSON,<br><br>**Plaintiff,**<br><br>v.<br><br>DENIS MCDONOUGH, VA Secretary, *et al.*,<br><br>**Defendants.** | Civil Action No. 24-477 (JEB) |

**MEMORANDUM OPINION AND ORDER**

*Pro se* Plaintiff Lisa Wilson — apparently an employee in the Department of Veterans Affairs' Office of Resolution Management, Diversity and Inclusion (ORMDI) — has sued VA Secretary Denis McDonough and Acting Deputy Assistant Secretary Anne Marie Duncan for retaliation in violation of the First, Fifth, and Fourteenth Amendments. See ECF Nos. 1 (Compl.) at 3–5; 1-1 (Reassignment Memo). Plaintiff alleges that following a series of protected activities — including "provid[ing] congressional testimony" and "fil[ing] an [Office of Accountability and Whistleblower Protection] claim" related to, *inter alia*, "the tampering of EEO files," and a VA attorney committing perjury — she was reassigned from her GS-13 position to a GS-12 post without cause. See Compl. at 4–5. As she elaborates in her Motion for a Temporary Restraining Order, she gave "confidential testimony to the House Committee on Veterans Affairs," which was subsequently "use[d] to question VA officials" at a public congressional hearing. See ECF No. 3 (Mot. for TRO) at 1. It was directly after this public hearing that she was demoted. Id.

1

Concerned that public access to "sensitive information in the [TRO] Motion, Complaint, and exhibits," will jeopardize "her livelihood" and "the integrity of concurring investigative processes," Wilson moves to seal.  See ECF No. 4 (Mot.) at 2–3.  It is not entirely clear what, in particular, she would like to be shielded from public view.  Her Motion is entitled "Motion to Seal Complaint and [TRO]." Id. at 1.  Yet in the Motion, her request seems limited to "an internal document" communicating her reassignment, "personnel documents and EEO Investigative Reports" (which are not currently on the docket), and aforementioned unspecified "sensitive information." Id. at 2–3.  Given this lack of specificity, the Court is unable to discern the boundaries of a request for partial sealing, and it thus construes the Motion as seeking to seal the case in its entirety.

The Court will deny the Motion, subject to any further consideration by the United States District Judge to whom this case is randomly assigned.  See LCvR 40.7(f) (providing that Chief Judge shall "hear and determine . . . motions in any case not already assigned," including "motion[s] to seal the complaint"); LCvR 5.1(h)(1) ("Absent statutory authority, no case or document may be sealed without an order from the Court.").

**I.      Legal Standard**

Generally, a plaintiff or petitioner filing a civil action must identify the parties and file on the public docket.  See Fed. R. Civ. P. 10(a); LCvR 5.1(c)(1).  "The starting point in considering a motion to seal court records is a strong presumption in favor of public access to judicial proceedings." Hardaway v. D.C. Hous. Auth., 843 F.3d 973, 980 (D.C. Cir. 2016) (quoting EEOC v. Nat'l Children's Ctr., Inc., 98 F.3d 1406, 1409 (D.C. Cir. 1996)).  When a party seeks to overcome this presumption and seal court records, courts engage in the six-factor inquiry described in United States v. Hubbard, 650 F.2d 293 (D.C. Cir. 1980).  Those factors are:

>   (1) the need for public access to the documents at issue;
>   (2) the extent of previous public access to the documents;
>   (3) the fact that someone has objected to disclosure, and the identity of that person;
>   (4) the strength of any property and privacy interests asserted;
>   (5) the possibility of prejudice to those opposing disclosure; and
>   (6) the purposes for which the documents were introduced during the judicial proceedings.

Nat'l Children's Ctr., 98 F.3d at 1409 (citing Hubbard, 650 F.2d at 317–22).

**II.   Analysis**

Plaintiff has not met her burden to demonstrate that sealing the case in its entirety is warranted under the Hubbard factors. The Court discusses each factor in turn.

The first — "the need for public access to the documents at issue," id. at 1490 — counsels against granting the Motion. The presumption of transparency is "particularly strong in this case because '[t]he appropriateness of making court files accessible is accentuated in cases where the government is a party.'" United States v. All Assets Held at Bank Julius Baer & Co., 520 F. Supp. 3d 71, 81 (D.D.C. 2020) (quoting Nat'l Children's Ctr., 98 F.3d at 1409). "[I]n such circumstances, the public's right to know what the executive branch is [doing] coalesces with the concomitant right of the citizenry to appraise the judicial branch." Id. (quoting FTC v. Standard Fin. Mgmt. Corp., 830 F.2d 404, 410 (1st Cir. 1987)); see also Hyatt v. Lee, 251 F. Supp. 3d 181, 184 (D.D.C. 2017) ("The interest of the public and press in access to civil proceedings is at its apex when the government is a party to the litigation. Indeed, the public has a strong interest in monitoring not only functions of the courts but also the positions that its elected officials and government agencies take in litigation.") (citation omitted). Here, all Defendants are government officials sued in their official capacities. See Compl. at 1–2. As Wilson does not contest this or suggest that the information in the case is of minimal importance to the public (indeed, quite the opposite), this factor weighs against sealing.

3

The second factor — "the extent of previous public access" to the materials Plaintiff seeks to seal, Nat'l Children's Ctr., 98 F.3d at 1409 — cuts in the other direction. She claims that "there has been no previous public access to information related to the" reassignment memorandum, see Mot. at 2, and the Court has no reason to disbelieve that fact. Indeed, it appears that her allegations mostly comprise information not otherwise known to the public. To be sure, the fact that her testimony was "use[d] to question VA officials" at an open congressional hearing, see TRO Mot. at 1, would be a matter of public record, but that allegation does not constitute a "substantial portion[] of the alleged private information," as is generally needed to turn the tide on this factor. See Frech v. U.S. Dep't of Health & Human Servs., No. 23-2530, ECF No. 5 (Sealing Op.) (Aug. 31, 2023) at 4.

The third factor likewise supports sealing at this stage. "[T]he fact that a party moves to seal the record weighs in favor of the party's motion." Zapp v. Zhenli Ye Gon, 746 F. Supp. 2d 145, 149 (D.D.C. 2010). Plaintiff has so moved, and, as is common at this stage, no objection to the Motion has been lodged.

Wilson's discussion of the fourth factor — the "strength of any property [or] privacy interests asserted," Nat'l Children's Ctr., 98 F.3d at 1409 — is sparse. She primarily seems to contend that, as a whistleblower, she is deserving of certain protections "for the preservation of her livelihood." Mot. at 2. But, as her Complaint indicates, she believes that her status as a whistleblower is already known to her employer (and seemingly to the world as well, given the public congressional hearing revealing it); hence her demotion. See Compl. at 4–5. Since the cat is already out of the bag, Wilson has little privacy left to protect. See Frech, Sealing Op. at 5 ("The fact that information about the allegations against Plaintiff is already freely available in the public domain further negates her asserted privacy interests.") (cleaned up). To the extent,

4

moreover, that she references in her Motion plans to make future confidential disclosures, see Mot. at 3, that is of no moment. Such activities are not mentioned in the Complaint and would not be part of the suit as currently pled, since the adverse action has already occurred based on prior protected activities.

Also under the factor-four umbrella, Plaintiff asserts a "strong interest" in keeping "personnel [documents], unadjudicated EEO complaints, and references to or actual Congressional testimony" private. See Mot. at 3. Aside from references to the fact of her congressional testimony — which, as just noted, is no longer private — none of this appears on the docket as of yet. Assuming that she means the EEO complaints and personnel records of other VA employees, she may well be correct that such documents ought to be sealed. And, to the extent that it becomes necessary to detail her confidential congressional testimony, that, too, might warrant additional consideration. As neither are clearly relevant to the case nor filed yet, this argument is premature.

As to the fifth factor, which concerns whether disclosure will lead to prejudice to the party seeking the seal, Wilson gestures at two forms of prejudice. First, she indicates that because she "is preparing to make disclosures" concerning "violations of the governing statutory regulations by individuals employed with ORMDI," "mak[ing] th[ose] revelations public now would be prejudicial." Mot. at 3. But, as already noted, her future disclosures are not currently part of the case, nor would it make sense to add them absent a new adverse action down the line. Second, she suggests that disclosure "could prejudice [her] ability to continue to perform [her] federal duties and/or engage in Whistleblower disclosures." Id. at 3–4. The Court is at a loss for how or why that would be the case given that the VA allegedly already knows everything in the Complaint and its exhibits. Such a conclusory assertion, which does not "identif[y] how the

5

disclosure of the relevant material causes legal prejudice," is wholly inadequate. All Assets Held, 520 F. Supp. 3d at 85 (quoting Zapp, 746 F. Supp. 2d at 150) (cleaned up). This factor thus favors disclosure.

The last factor — "the purposes for which the documents were introduced," Nat'l Children's Ctr., 98 F.3d at 1409 — similarly supports disclosure. On this point, Plaintiff states that "the sensitive information" in question "may, not necessarily will, be used, at trial or bench decision." Mot. at 3 (emphasis added). She thus believes that unsealing should be considered when it becomes clear which information the Court will rely on. Id. at 3–4. But she does not explain which sensitive information is so ancillary to the claim or why. Indeed, there can be no doubt that she "intended for the Court to rely on" allegations like the details of her protected communications and her demotion. Michaels v. NCO Fin. Sys. Inc., 2023 WL 4857413, at *5 (D.D.C. July 31, 2023); see Vanda Pharms., Inc. v. FDA, 539 F. Supp. 3d 44, 57 (D.D.C. 2021) ("The sixth Hubbard factor favors disclosure where the parties explicitly intended the Court to rely on [the sealed] materials in adjudicating their dispute.") (cleaned up). At bottom, Plaintiff has "voluntarily commenced a public proceeding . . . and invoked the jurisdiction of this Court to do so," and thus her Complaint was introduced for a public purpose. Upshaw v. United States, 754 F. Supp. 2d 24, 30 (D.D.C. 2010). Any information upon which she does not wish the Court to rely, she may simply exclude from her filings moving forward.

In sum, only the second and third factors weigh in Wilson's favor. In light of the strong public interest in open litigation regarding government misconduct, those factors do not tip the scales far enough. The Court will thus deny the Motion.

The Court accordingly ORDERS that:

1. Plaintiff's [4] Motion for Leave to File Under Seal is DENIED;

2. Within fourteen days of the Court's Order, Plaintiff shall advise the Clerk of the Court whether she wishes to proceed with filing the Complaint on the public docket, and, if so, shall also file her [4] Motion on the public docket; and

3. If Plaintiff does not do so within fourteen days, the Clerk is directed to terminate the case.

/s/ *James E. Boasberg*<br>JAMES E. BOASBERG<br>Chief Judge

Date: April 22, 2024