UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LISA J. WILSON,

    *Plaintiff*,

    v.

DOUG COLLINS,
Secretary of Veterans Affairs, *et al.*,[1]

    *Defendants*.

No. 24-cv-477-MAU

## MEMORANDUM OPINION

*Pro se* Plaintiff Lisa Wilson brings this case against the Secretary of Veterans Affairs Doug Collins in his official capacity and Acting Deputy Assistant Secretary Anne Marie Duncan in her official and individual capacities. ECF No. 1 at 2.[2] Defendants move to dismiss under Federal Rules of Civil Procedure 12(b)(1) and (b)(6). ECF No. 20. For the reasons set forth below, Defendants' Motion to Dismiss ("Motion") is **GRANTED**. Wilson's Complaint against Duncan in her individual capacity is **DISMISSED WITHOUT PREJUDICE** for failure to effect service of process.[3]

## BACKGROUND

The Court accepts the factual allegations in Wilson's Complaint as true and considers her allegations in light of her other filings. *Ho v. Garland*, 106 F.4th 47, 50 (D.C. Cir. 2024) (citations omitted). Wilson is an EEO investigator in the United States Department of Veterans Affairs

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), the current Defendant has been substituted for his predecessor. See Fed. R. Civ. P. 25(d).
[2] Citations throughout this Opinion are to the page numbers in a filing's ECF header.
[3] Defendants' counsel does not yet represent Duncan in her individual capacity. ECF No. 20 at 1.

1

("VA") Office of Resolution Management, Diversity and Inclusion ("ORMDI"). ECF Nos. 1 at 4; 1-1 at 1; 22 at 5. She holds a General Schedule level thirteen ("GS-13") position. ECF No. 1 at 5. Duncan is the Acting Deputy Assistant Secretary at ORMDI. ECF Nos. 1 at 2; 1-1 at 1.

Wilson alleges that individuals at the VA engaged in misconduct, including: tampering with EEO files; committing perjury at an administrative hearing; entering into an agreement with the United States Postal Service ("USPS") to operate "a national EEO office without congressional oversight or authority"; and agreeing to a $40,000 settlement without Collins's approval. ECF Nos. 1 at 4; 3 at 2. Wilson contacted the VA Office of Inspector General ("OIG") to disclose this misconduct. ECF No. 1 at 4. She also filed a claim with the VA Office of Accountability and Whistleblower Protection ("OAWP") and filed a complaint with the USPS OIG. *Id.* On January 25, 2024, Wilson provided confidential testimony to Congress. ECF Nos. 1 at 4–5, 2 at 1; 3 at 1.

On approximately February 1, 2024, Wilson, who is an African American woman, filed a harassment complaint with ORMDI. ECF Nos. 1-1 at 5–7; 22 at 6, 12. That same day, Duncan informed Wilson that Duncan had forwarded the complaint to the USPS's EEO office because ORMDI did not investigate internal complaints. ECF No. 1-1 at 4. On February 2, 2024, Wilson told Duncan she wished to withdraw her complaint as she did not want the USPS to process it. *Id.* at 3–4.

Wilson alleges that, on February 14, 2024, members of Congress used part of her confidential testimony to question VA officials at a public hearing. ECF Nos. 1 at 5; 3 at 1. According to Wilson, two hours after that hearing, Duncan temporarily detailed Wilson to a GS-12 position in ORMDI until at least May 10, 2024. ECF Nos. 1 at 5; 1-1 at 1.

On February 20, 2024, Wilson filed this Complaint in which she seeks damages and injunctive relief, namely, to compel Defendants to restore her to her previous position. ECF No.

1 at 7.  Wilson asserts she has "been retaliated against for [her] protected activity." *Id.* at 5.  She alleges that Collins "failed to install [senior leadership] in ORMDI with unquestionable integrity" and that Duncan retaliated against her by detailing her "under false pretense, namely a non-existent harassment complaint." *Id.* at 4.  Wilson cites the First Amendment and the Due Process Clause of the Fifth Amendment as the basis for her claims.  *Id.* at 3.  She also invokes the Equal Protection Clause of the Fourteenth Amendment.  *Id.*  Because the Fourteenth Amendment applies to state action, the Court construes Wilson's equal protection claim as being brought under the Fifth Amendment.  *See San Francisco Arts & Athletics, Inc. v. U.S. Olympic Comm.*, 483 U.S. 522, 542 n.21 (1987); *Cutler v. U.S. Dep't of Health & Hum. Servs.*, 797 F.3d 1173, 1178 n.6 (D.C. Cir. 2015).

## **ANALYSIS**

Defendants construe Wilson's Complaint as raising whistleblower retaliation; First and Fifth Amendment claims; and a *Bivens*[4] claim against Duncan in her individual capacity.  ECF No. 20.  When construed liberally, the Complaint also contains a retaliation claim under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, *et seq*.

Defendants move to dismiss the Complaint under Rule 12(b)(1) for lack of subject matter jurisdiction and Rule 12(b)(6) for failure to state a claim.  Defendants raise five arguments.  First, Wilson has conceded that her claims against Defendants in their official capacity are deficient.  ECF No. 24 at 1–3.  Second, Wilson has failed to exhaust her administrative remedies for her whistleblower claim.  ECF No. 20 at 5–7.  Third, statutory remedies preclude Wilson's

---

[4]   A *Bivens* claim is a claim against a federal officer in which a plaintiff seeks damages for a violation of their constitutional rights.  *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971); *see Simpkins v. District of Columbia*, 108 F.3d 366, 368 (D.C. Cir. 1997).

constitutional claims. *Id.* at 7–10. Fourth, to the extent Wilson raises any Title VII claims, she has failed to exhaust them. ECF Nos. 20 at 2 n.1; 24 at 3. Finally, Duncan argues that Wilson has failed to serve her in her individual capacity. ECF No. 20 at 1–2. Defendants are correct.

### I.      Standard of Review

A Rule 12(b)(1) motion presents a threshold challenge to the Court's subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The plaintiff bears the burden of establishing subject matter jurisdiction. *Arpaio v. Obama*, 797 F.3d 11, 19 (D.C. Cir. 2015). In reviewing a Rule 12(b)(1) motion, the Court will "assume the truth of all material factual allegations in the complaint and construe the complaint liberally, granting plaintiff the benefit of all inferences that can be derived from the facts alleged." *Am. Nat'l Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011) (internal quotation marks and citations omitted).

Under Rule 12(b)(6), a defendant may move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion, a complaint must be more than "speculative" in nature and must "state a claim . . . that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). The Court should be able to draw a "reasonable inference that the defendant is liable for the misconduct alleged" in the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court assumes all well-pleaded facts and inferences drawn from those facts as true, conclusory allegations are not entitled to this assumption. *Id.* at 679.

The Court must construe a *pro se* party's filings liberally and hold them to less stringent standards than those a lawyer has drafted. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). The Court will consider all of the *pro se* party's filings in reviewing a motion to dismiss. *Brown v. Whole Foods Mkt. Grp., Inc.*, 789 F.3d 146, 152 (D.C. Cir. 2015) (per curiam). This is not a license for a *pro se* party to ignore the Federal Rules of Civil Procedure, the Court's orders, or the

4

applicable local rules. *Moore v. Agency for Int'l Dev.*, 994 F.2d 874, 876 (D.C. Cir. 1993) (citation omitted); *see Allen v. Addi*, No. 20-cv-1650, 2023 WL 4684927, at *2 (D.D.C. July 21, 2023). A *pro se* party "must plead factual matter that permits the court to infer more than the mere possibility of misconduct." *Abdelfattah v. U.S. Dep't of Homeland Sec.*, 787 F.3d 524, 533 (D.C. Cir. 2015) (citation omitted).

## II. Wilson Fails to Respond to Defendants' Arguments.

### A. Legal Standard

"[I]f a party files an opposition to a motion and therein addresses only some of the movant's arguments, the court may treat the unaddressed arguments as conceded." *Texas v. United States*, 798 F.3d 1108, 1110 (D.C. Cir. 2015) (citations omitted); *see also* LCvR 7(b). As long as the Court has advised the *pro se* party of this rule, it applies with equal force to *pro se* Complaints. *Belton v. Shinseki*, 637 F. Supp. 2d 20, 23 (D.D.C. 2009) (citations omitted).

### B. Discussion

Defendants argue that, because Wilson has failed to address their arguments, she has conceded them. ECF No. 24 at 1–3. As stated above, Defendants make several arguments concerning each of Wilson's claims. *See supra* pages 3–4. Wilson fails to address any of Defendants' specific arguments in her Opposition. Instead, she makes general assertions about Defendants' conduct, such as that Defendants have "engaged in a sophisticated web of obstruction, discrimination, and retaliation." ECF No. 22 at 1–2. Wilson also references and attaches documents concerning unrelated workplace incidents and EEO activities that allegedly occurred *after* she initiated this action. *See id.* at 1–2, 5–37.[5] None of these arguments or allegations serve

---

[5] To the extent Wilson tries to raise new claims, Defendants contend she cannot do so. ECF No. 24 at 1–3. Usually, a party cannot amend their complaint through an opposition brief. *Singh v. District of Columbia*, 55 F. Supp. 3d 55, 70 (D.D.C. 2014.) Courts, however, have at times

to refute Defendants' arguments. Wilson fares no better in her Surreply, as she only focuses on issues with serving Duncan in her individual capacity. ECF No. 25.

Before Wilson filed her Opposition, the Court informed her about the consequences of failing to respond to Defendants' arguments. *See* ECF No. 21 ("Further, if you oppose the motion but address only some of Defendants' arguments, the Court may treat the arguments that you failed to address as conceded."). Thus, because Wilson has failed address any of Defendants' arguments, Wilson has conceded Defendants' Motion. *See Stubbs v. L. Off. of Hunter C. Piel, LLC*, 148 F. Supp. 3d 2, 4 (D.D.C. 2015), *aff'd*, 672 F. App'x 3 (D.C. Cir. 2016) (per curiam) (unpublished). This, on its own, is sufficient to grant Defendants' Motion. Even assuming Wilson did not concede Defendants' Motion, however, her Complaint fails for other reasons.

### III. Wilson Has Failed to Exhaust Her Administrative Remedies for Her Whistleblower Retaliation Claim.

Defendants move to dismiss Wilson's whistleblower claim under Rule 12(b)(1) for failure to exhaust administrative remedies. ECF No. 20 at 5–7. Defendants are correct. The Whistleblower Protection Act ("WPA") provides most federal employees with protection against agency retaliation for disclosing certain information. *See* Pub. L. No. 101-12, 103 Stat. 16 (codified throughout 5 U.S.C.); *Stella v. Mineta*, 284 F.3d 135, 142 (D.C. Cir. 2002); *see also* 5 U.S.C. § 2302(b)(8) (whistleblower protections); *id.* § 2302(a)(2)(A)(iv) (defining detailing an

---

relaxed this rule for *pro se* plaintiffs. *See Woodson v. Smith*, No. 20-cv-2668, 2021 WL 4169357, at *5 (D.D.C. Sept. 14, 2021); *see also Richardson v. United States*, 193 F.3d 545, 548–49 (D.C. Cir. 1999) (outlining four factors for courts to consider in determining whether a *pro se* plaintiff constructively amended their complaint in their opposition).

    Wilson has not constructively amended her Complaint. Wilson previously sought to amend her Complaint to include new claims and cite new sources of law. ECF No. 8. Wilson later asked the Court to strike her amended complaint, noting that it was filed "in error." ECF No. 10; Minute Order (Dec. 16, 2024). Wilson only makes passing references to new issues in her Opposition and does not cite any new sources of law. *See Ali v. District of Columbia*, 278 F.3d 1, 8 (D.C. Cir. 2002) (noting that a complaint must give fair notice of the plaintiff's claims). In light of these facts, Wilson has not shown an intent to change the Complaint.

6

employee as a potential retaliatory personnel action).  The Civil Service Reform Act ("CSRA") contains the exclusive set of remedies for WPA claims.  *See* Pub. L. No. 95–454, 92 Stat. 1111 (also codified throughout 5 U.S.C.); *Harris v. Bodman*, 538 F. Supp. 2d 78, 82 (D.D.C. 2008) (citation omitted), *aff'd*, No. 08-5091, 2008 WL 5532102 (D.C. Cir. Aug. 27, 2008) (per curiam) (unpublished).  For a court to have subject matter jurisdiction, a plaintiff must exhaust these administrative remedies and plead exhaustion.  *Bain v. Off. of Att'y Gen.*, 648 F. Supp. 3d 19, 38 n.4 (D.D.C. 2022).

A plaintiff alleging a whistleblower claim must first bring their claim before the Merit Systems Protection Board ("MSPB").  *Stella*, 284 F.3d at 142 (citations omitted).  A plaintiff does so by either going through the Office of Special Counsel ("OSC") or on the plaintiff's own if the OSC either declines to act or the plaintiff's allegations concern an adverse personnel action that is appealable to the MSPB.  *Stella*, 284 F.3d at 142 (citations omitted); *see* 5 U.S.C. § 7512 (listing appealable employment actions, including reductions in grade or pay).  The only exception to this process is for a "mixed case" in which a plaintiff combines "an adverse personnel action subject to appeal to the MSPB . . . with a claim that the action was motivated by discrimination." *Greenhouse v. Geren*, 574 F. Supp. 2d 57, 65 (D.D.C. 2008) (citation omitted); *see* 5 U.S.C. § 7702.  In those cases, the plaintiff must exhaust their administrative remedies by filing a complaint with the EEO or appealing to the MSPB.  *Butler v. West*, 164 F.3d 634, 638 (D.C. Cir. 1999).

Wilson has failed to exhaust her whistleblower claim because she has not pled that she has raised her claim before the MSPB or the EEO office.  Nor does the record reflect that she has done so.  As such, the Court lacks subject matter jurisdiction over Wilson's whistleblower claim.

### IV. Wilson Must Pursue Her Constitutional Claims Through the Procedures of Title VII and the CSRA.

#### A. Legal Standard

The CSRA provides a comprehensive and exclusive remedial scheme for federal employees seeking redress for a range of unlawful personnel actions. *Grosdidier v. Chairman, Broad. Bd. of Governors*, 560 F.3d 495, 497 (D.C. Cir. 2009). Accordingly, when the CSRA covers the conduct at issue, a plaintiff must channel their claims through that statute. *Id.* ("[T]he CSRA is the exclusive avenue for suit even if the plaintiff cannot prevail in a claim under the CSRA."); *see also Turner v. U.S. Agency for Glob. Media*, 502 F. Supp. 3d 333, 364 (D.D.C. 2020). This requirement extends to a plaintiff's constitutional claims. *Steadman v. Gov., U.S. Soldiers' Airmen's Home*, 918 F.2d 963, 967 (D.C. Cir. 1990). Similarly, Title VII of the Civil Rights Act "provides the exclusive judicial remedy for claims of discrimination in federal employment." *Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 835 (1976). The statute "precludes actions against federal officials for alleged constitutional violations as well as actions under other federal legislation." *Kizas v. Webster*, 707 F.2d 524, 542 (D.C. Cir. 1983).

#### B. Discussion

Defendants contend that Title VII and the CSRA preclude Wilson's constitutional claims. ECF No. 20 at 7–9. Although Wilson invokes the First and Fifth Amendments, she does not connect her claims to her underlying factual allegations. ECF No. 1 at 3. Nonetheless, the Court construes Wilson's constitutional claims as stemming from her federal employment. Wilson's core allegations are that Defendants retaliated against her by temporarily detailing her to a lower GS position because she filed a harassment complaint and engaged in alleged whistleblower activities. *Id.* at 4–5.

Wilson's constitutional claims are precluded by Title VII and the CSRA. First, as noted above, the CSRA provides the exclusive remedies for Defendants' alleged whistleblower retaliation. Because Wilson has failed to exhaust her remedies as set forth in the CSRA, the Court lacks jurisdiction over Wilson's constitutional claims as they relate to Defendants' alleged conduct. *Steadman*, 918 F.2d at 967.

Second, to the extent the premise of Wilson's constitutional claims is Defendants' alleged retaliation for Wilson filing a harassment complaint, Title VII governs those allegations. *See Howard R.L. Cook & Tommy Shaw Found. ex rel. Black Emps. of Libr. of Cong., Inc. v. Billington*, 737 F.3d 767, 772 (D.C. Cir. 2013) (stating Title VII protects federal employees who file EEOC charges from employer retaliation). Because the statute provides the exclusive remedy for any claim concerning Defendants' retaliation against Wilson in the employment context, Wilson is precluded from bringing an independent constitutional claim based on that conduct. *Kizas*, 707 F.2d at 542. *Glines v. Dep't of Def.*, No. 24-cv-1222, 2025 WL 1207085, at *7 (D.D.C. Apr. 25, 2025) (concluding plaintiff failed to state a constitutional claim because Title VII precluded the claim).

## V. Wilson Has Failed to Exhaust Her Administrative Remedies for a Title VII Retaliation Claim.

### A. Legal Standard

Under Title VII, it is unlawful for an employer to discriminate against an employee because she opposed an unlawful employment practice or filed a complaint with the EEOC. 42 U.S.C. §§ 2000e-16(a), 2000e–3(a); *see Howard R.L. Cook*, 737 F.3d at 772 ("Title VII provides federal employees the same substantive protections afforded private-sector employees."). Before an employee may file a Title VII claim in court, they must timely exhaust their administrative remedies. *Park v. Howard Univ.*, 71 F.3d 904, 907 (D.C. Cir. 1995). To do so, an employee must

"file an administrative charge with the EEOC and allow the agency time to act on the charge." *Id.* (citation omitted). If the EEOC takes no final action within 180 days of a federal employee filing a charge, the employee may file suit. 42 U.S.C. § 2000e–16(c); *see Murthy v. Vilsack*, 609 F.3d 460, 464 (D.C. Cir. 2010) (noting that 180-day waiting period is mandatory).

Because failure to exhaust administrative remedies is an affirmative defense, it is the defendant's burden to show that plaintiff has failed to exhaust her claims. *Bowden v. United States*, 106 F.3d 433, 437 (D.C. Cir. 1997). "[A] plaintiff who concedes that she has not exhausted her claim has the burden to show facts supporting equitable avoidance of the defense." *Holmes v. Washington Metro. Area Transit Auth.*, 723 F. Supp. 3d 1, 13 (D.D.C. 2024) (internal quotation marks and citations omitted).

### B. Discussion

Defendants argue that Wilson has not asserted a retaliation claim. ECF Nos. 20 at 1 n.1; 24 at 3. To the extent she has, however, Defendants argue that Wilson has not exhausted it. ECF Nos. 20 at 2 n.1; 24 at 3.

The Court liberally construes Wilson's Complaint to allege a retaliation claim under Title VII in light of Wilson's allegation that Duncan detailed Wilson to a lower GS position because Wilson filed a harassment complaint. 42 U.S.C. § 2000e-16(a); *see* ECF Nos. 1 at 4 (alleging Duncan detailed Wilson because of "a non-existent harassment complaint"); 1-1 at 3–7 (email exchange between Duncan and Wilson in which Wilson filed a harassment complaint).

Wilson does not respond to Defendants' argument that she failed to exhaust her administrative remedies for her Title VII claim. Nor has she pled that she filed an EEOC charge concerning her detail to a lower GS position. The record is devoid of any administrative exhaustion or equitable factors which would excuse Wilson's failure to file an EEOC charge. Even if Wilson had filed an EEOC charge, Wilson's detail to a lower GS position occurred only six days

before she brought this action.  *Compare* ECF No. 1 at 4 (February 20, 2024), *with* ECF No. 1-1 at 1 (February 14, 2024).  The record does not show that the EEOC issued a final decision within that period.  Thus, to the extent Wilson raises a retaliation claim, she has failed to exhaust it.  The Court dismisses the claim on this basis.  *See Shipman v. Vilsack*, 692 F.Supp.2d 113, 116 (D.D.C. 2010) (dismissing Title VII claims because plaintiff did not dispute "that she did not exhaust certain claims and she has not provided any argument for equitable tolling").

### VI.   Wilson's Claims Against Duncan in Her Individual Capacity Are Dismissed for Failing to Timely Serve Duncan under Rule 4(e).

#### A.   Legal Standard

To serve a federal officer in their individual capacity, a plaintiff must serve the United States and the officer. Fed. R. Civ. P. 4(i)(3).  To serve an officer, a plaintiff must use the methods outlined in Rule 4(e), (f), or (g).  *Id.*  Under Rule 4(e), a plaintiff must have a nonparty who is at least eighteen years old: 1) deliver a copy of the summons and the complaint to the officer personally; 2) leave a copy at the officer's "dwelling or usual place of abode with someone of suitable age and discretion who resides there"; 3) deliver a copy to an agent who is authorized by appointment or law to receive service on the officer's behalf; or 4) follow the services rules in accordance with the state law applicable in the district court or officer's state. Fed. R. Civ. P. 4(e); *see also* Fed. R. Civ. P. 4(c)(2).

The Court cannot assert personal jurisdiction over a defendant "unless the procedural requirements of effective service of process are satisfied."  *Mann v. Castiel*, 681 F.3d 368, 372 (D.C. Cir. 2012) (citations omitted).  It is the plaintiff's burden to demonstrate proper service. *Id.* (citations omitted).  Under Rule 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified

11

time." Fed. R. Civ. P. 4(m).  If a plaintiff shows good cause for failing to serve a party, the court must give them more time to perfect service.  *Id.*  Dismissal is appropriate when the plaintiff's failure to serve is due to inadvertence, oversight, or neglect, and dismissing the Complaint leaves the plaintiff in the same position as if they never filed the action.  *Mann*, 681 F.3d at 376.

**B.     Discussion**

Although Defendants do not yet represent Duncan in her individual capacity, Defendants note that Wilson has failed to serve Duncan in her individual capacity.  *See* ECF No. 20 at 1–2 (citing 28 U.S.C. § 517).  Defendants are correct.

Wilson acknowledges that she has not served Duncan in her individual capacity.  ECF Nos. 22 at 1–2; 25 at 1.  Wilson's return of service for Duncan reflects that Wilson had a process server attempt to serve Defendants on October 18, 2024 at the VA's central office.  ECF No. 13 at 1.  A front office manager, however, signed for the documents.  *Id.*  The process server checked a box to indicate that the front office manager was "designated by law" to accept service on Defendants' behalf.  *Id.*  Wilson does not explain how the VA's front office manager possessed any legal authorization to accept service on behalf of Duncan *in her individual capacity* or how this was otherwise proper service under Rule 4(e).  *Mann*, 681 F.3d at 372.  Wilson admits that she was unable to serve Duncan, as VA security did not allow Wilson's process server further access to the building and Duncan "refused to be made available for an official action."  ECF No. 22 at 1–2.  According to the record, Wilson has not attempted to serve Duncan in her individual capacity since this first attempt.  ECF No. 25 at 1.

The Court does not have personal jurisdiction over Duncan in her individual capacity.  *Mann*, 681 F.3d at 372.  Wilson's service deadline expired more than a year ago on May 20, 2024.  *See* ECF No. 1.  Moreover, the Court previously instructed Wilson on the necessity of properly serving Defendants and gave Wilson until October 25, 2024 to effectuate service.  *See* ECF No. 7

at 1, Minute Order (Sept. 25, 2024). The Court warned Wilson that failure to serve Defendants could lead to the Court dismissing Wilson's Complaint without further notice. ECF No. 7 at 1. Wilson does not attempt to show good cause for her failure to timely serve Duncan and instead blames Duncan for not making herself available at the VA. ECF No. 22 at 1–2. Generally, *Bivens* claims have a three-year statute of limitations in this Circuit, so dismissing Wilson's *Bivens* claim now without prejudice leaves Wilson in the same position. *See Banks v. Chesapeake & Potomac Tel. Co.*, 802 F.2d 1416, 1428–29 (D.C. Cir. 1986) (noting the three-year period applies unless the claim is "for constitutional torts specifically listed" in D.C. Code § 12–301(4) (citation omitted)). Accordingly, the Court will dismiss Wilson's Complaint without prejudice for failure to timely effectuate service. Fed. R. Civ. P. 4(m).

### VII. Conclusion

For the foregoing reasons, Defendants' Motion is **GRANTED**. It is further ordered that Wilson's complaint against Duncan in her individual capacity is **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED**.

Date: July 10, 2025

_____
MOXILA A. UPADHYAYA
UNITED STATES MAGISTRATE JUDGE